UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:09-cr-00081-DPJ-LRA

TRAVIS DANYIELD BISHOP

ORDER

This matter is before the Court on Defendant Travis Danyield Bishop's Motion to Dismiss for Speedy Trial Violation [29]. The Government concedes that the indictment must be dismissed, but urges dismissal without prejudice, thus framing the salient issue. The Court, having fully considered the parties' submissions and the applicable authorities, finds that Defendant's motion should be granted, but that dismissal is without prejudice.

Defendant was charged in a three-count indictment under 18 U.S.C. §§ 2119, 924(c)(1), and 922(g)(1) as the result of an alleged armed carjacking. There is no dispute that the Government violated the Speedy Trial Act. However, not every speedy trial violation will result in dismissal with prejudice. The Act itself expressly states that dismissal may be without prejudice. 18 U.S.C. § 3162(a)(2); *see also Zedner v. United States*, 547 U.S. 489, 499 (2006) (noting that a district court "may choose whether to dismiss with or without prejudice"). Pursuant to the statute, the Court "shall consider, among others, each of the following factors" when determining whether to dismiss with or without prejudice: (1) "the seriousness of the offense"; (2) "the facts and circumstances of the case which led to the dismissal"; and (3) "the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). Defendant bears the "burden of proving that dismissal of his

case pursuant to these factors is appropriate." *United States v. Blevins*, 142 F.3d 223, 225 (5th Cir. 1998); *see also United States v. Mancia-Perez*, 331 F.3d 464, 468 (5th Cir. 2003).

First, the seriousness of the offense is obvious. "Using the punishment prescribed by statute as a measure of the severity of the crime is a proper method of analysis under the Act." *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987). Here, the Government's memorandum amply discusses the potential penalties for armed carjacking and for being a felon in the possession of a firearm. For purposes of this discussion, it is sufficient to note that the § 924(c)(1) charge found in Count Two, if proven, would carry a potential term of life imprisonment. *United States v. Sias*, 227 F.3d 244, 247 (5th Cir. 2000). The offense was clearly "serious."

Second, the facts and circumstances leading to dismissal do not militate in favor of dismissal with prejudice. "Normally, the burden is on the Government to explain the violation. Once the Government meets this initial burden, the defendant may show that the reason offered by the Government is pretextual." *Mancia-Perez*, 331 F.3d at 468 (citations omitted). When, as in the present case, the Government pleads negligence as the reason for delay, the court looks "to whether the Government sought the resultant delays for ulterior purposes, whether the Government regularly or frequently failed to meet its deadlines, and whether the Government had failed to meet its deadlines more than once with the same defendant." *Id.* at 469 (citations omitted). Plaintiff offered no rebuttal on this issue and has not demonstrated pretext.

The third prong of § 3162 embraces three concerns: "The defendant's right to a timely trial; the deterrent effect of a prejudicial dismissal on the Government's repeated violations of the speedy trial requirements; and the public's interest in bringing the accused to trial." *Id.* "Also implicated by this factor is the presence or absence of prejudice to the defendant." *Id*.

"When the charge[s] are serious, as [they] are here, courts should impose the sanction of dismissal with prejudice only for a correspondingly serious delay, especially in the absence of prejudice." *Id.* at 470. In the present case, the delay was minimal; there is no evidence of repeated violations; and the public has a significant interest in bringing the accused to trial in light of the severity of the charges. In sum, Defendant has failed to adequately address any of the three § 3162 factors, and has failed to met his burden of demonstrating that dismissal should be with prejudice.

Finally, the Court must also reject Defendant's Sixth Amendment claim for failure to show that the length of the delay was "presumptively prejudicial." *See United States v. Green*, 508 F.3d 195, 202 (5th Cir. 2007).

IT IS, THEREFORE, ORDERED, that Defendant's motion to dismiss [30] is granted without prejudice.

**SO ORDERED AND ADJUDGED** this the 9th day of October, 2009.


                                        s/ *Daniel P. Jordan III*
                                        UNITED STATES DISTRICT JUDGE